**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| GEOFFREY D. CLARK,            ) | |
| )| |
| Petitioner,     ) | |
| ) | |
| vs.                                       ) | Case No. 08-CV-663-JHP-PJC |
| ) | |
| HASKELL HIGGINS, Warden,    ) | |
| ) | |
| Respondent.    ) | |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 5). Petitioner, a state inmate appearing *pro se*, filed a response (Dkt. # 7) to the motion to dismiss. Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the motion to dismiss should be granted in part and denied in part: Petitioner's third proposition of error challenging the validity of his pleas of *nolo contendere* is time-barred and shall be dismissed with prejudice; his first two propositions of error, while not time-barred, are not cognizable on habeas corpus review and shall be denied.

*BACKGROUND*

Petitioner challenges his convictions entered in Tulsa County District Court, Case No. CF-2004-2352. See Dkt. #1. The docket sheet provided by Respondent reflects that on March 28, 2005, the state district court found Petitioner guilty after accepting his pleas of *nolo contendere* to two (2) counts of Robbery by Force and Fear. See Dkt. # 6, Ex. 1 at pages 9-10 of 16. On that date, Petitioner was sentenced to twelve (12) years imprisonment on each count, to be served

concurrently. Id. Petitioner did not file a motion to withdraw plea and did not otherwise perfect an appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). See id. at pages 10-12 of 16.

On March 27, 2006, Petitioner, represented by attorney Johnie O'Neal, filed an application for post-conviction relief. See Dkt. # 6, Ex. 1 at page 12 of 16. The state district court denied the application by order filed October 18, 2006. See Dkt. # 6, Ex. 2. The docket entry for the October 18, 2006 order reflects "certified copy to defendant." See Dkt. # 6, Ex. 1 at page 13 of 16. Petitioner did not perfect an appeal to the OCCA. Id.

On January 9, 2008, Petitioner, represented by attorney Julia Allen, filed a second application for post-conviction relief. See Dkt. # 6, Ex. 1 at page 14 of 16. By order filed April 16, 2008, see Dkt. # 6. Ex. 3, the state district court denied the request. Petitioner appealed. The OCCA affirmed the denial of post-conviction relief by order filed July 22, 2008, in Case No. PC-2008-0460. See Dkt. # 6, Ex. 4.

Petitioner commenced this habeas corpus action on November 12, 2008. See Dkt. # 1. In his petition, Petitioner raises three (3) propositions of error, as follows:

> Proposition 1: Oklahoma statute mandates that because Petitioner's failure to file an appeal from the denial of his post-conviction relief Application was through no fault of his own, Petitioner should have been granted the opportunity to file an appeal out of time form the denial of the post-conviction relief.
>
> Proposition 2: Petitioner's first Application for Post-Conviction Relief did not adequately raise the issue that Petitioner's pleas were entered without being advised of the 85% rule and the seminal case requiring the Petitioner be advised of the rule was written after Petitioner's first Application for Post-Conviction Relief. Thus, Petitioner's Second Application for Post-Conviction relief should have been granted.
>
> Proposition 3: Because the record is void of any evidence that Petitioner was advised of the 85% rule when he entered his pleas; and the affidavits in support establish that Petitioner was denied this constitutionally required information, his pleas were not entered voluntarily; thus, post-conviction relief should be awarded

2

> and Petitioner should have been allowed to withdraw those pleas pursuant to *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

(Dkt. # 1). Respondent argues that consideration of Petitioner's claims is precluded by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). See Dkt. # 5.

## *ANALYSIS*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

**A.   Claims related to Oklahoma's Post-Conviction Procedures Act are not time-barred**

In propositions one and two of the petition, Petitioner challenges post-conviction rulings by

3

the state courts. Those claims are timely under § 2244(d)(1)(D) because Petitioner did not know the "factual predicate" of the claims, i.e., that he was denied a post-conviction appeal out of time and that his second application for post-conviction relief was denied, until the OCCA entered its order on July 22, 2008. Petitioner filed his habeas petition on November 12, 2008, or within one (1) year of that ruling. Therefore, propositions one and two of the petition are timely.

Nonetheless, Petitioner is not entitled to habeas corpus relief on these claims because they do not involve federal law and, for that reason, are not cognizable on federal habeas corpus review. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). No constitutional provision requires a state to grant post-conviction review. Pennsylvania v. Finley, 481 U.S. 551, 557 (1987). The question of whether Petitioner should have been granted a post-conviction appeal out of time does not involve constitutional concerns and is not cognizable in a federal habeas proceeding. Because the issues raised by Petitioner in propositions one and two focus only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, those grounds state no cognizable federal habeas claim. Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir. 1998). Petitioner's request for habeas corpus relief on these claims shall be denied.

**B.  Claim challenging validity of *nolo contendere* pleas is time-barred**

As his third proposition of error, Petitioner asserts that because he was not advised of the 85% rule when he entered his *nolo contendere* pleas, his pleas were not voluntarily entered and he should be allowed to withdraw his pleas.  Application of the provisions of § 2244(d)(1)(A) to that claim leads to the conclusion that the claim was brought after expiration of the one-year limitations period. Because Petitioner failed to file a motion to withdraw his *nolo contendere* pleas in Case No. CF-2004-2352, his convictions became final ten (10) days after the March 28, 2005, pronouncement of his Judgment and Sentence, or on April 7, 2005.  See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty or *nolo contendere* within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock for any claim challenging his convictions, including proposition 3 as raised in the instant petition, began to run under § 2244(d)(1)(A) on April 7, 2005. Absent a tolling event, a federal petition for writ of habeas corpus filed after April 7, 2006, would be untimely. United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

The running of the limitations period is tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period.  28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). Petitioner filed his first application for post-conviction relief on March 27, 2006, or eleven (11) days before his habeas corpus deadline.  Pursuant to § 2244(d)(2), the limitations clock stopped running on March 27, 2006, and did not begin to run again until the state courts completed review of Petitioner's properly filed post-conviction proceeding.  The district court

denied relief by order filed October 18, 2006. The district court's docket entry reflects that a certified copy of the order was sent to Petitioner. Nonetheless, Petitioner did not pursue a post-conviction appeal. As a result, the limitations clock began to run again thirty (30) days after entry of the district court's order, or on November 17, 2006, when the time for filing a proper post-conviction appeal had lapsed. See Gibson v. Klinger, 232 F.3d 799, 803-04 (10th Cir. 2000) (holding that the limitations period is tolled for the thirty days during which a petitioner could have filed a timely appeal of the state court's denial of an application for post-conviction relief). Thus, the federal limitations period was tolled from March 27, 2006, through November 17, 2006. Once the limitations clock began to run again, Petitioner had to file his federal petition within 11 days, or by November 28, 2006.

Petitioner's second application for post-conviction relief was not filed until January 9, 2008, or more than thirteen (13) months after the November 28, 2006, deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the second post-conviction proceeding commenced by Petitioner after expiration of the limitations period did not toll the limitations period. Therefore, Petitioner's third habeas claim, challenging the validity of his pleas of *nolo contendere*, as raised in his habeas petition filed November 12, 2008, appears to be untimely.

In response to the motion to dismiss, see Dkt. # 7, Petitioner argues that under § 2244(d)(1)(D), his claim based on the "85% rule" is timely.[1] Petitioner asserts that under 28 U.S.C.

---

[1] The Court notes that even if Petitioner's third claim could be considered timely under § 2244(d)(1)(D), it is not cognizable in this habeas corpus action. As summarized in Gutianez v. Parker, No. CIV-06-671-T, 2006 WL 2792579 (W.D. Okla. Sept. 26, 2006):

6

§ 2244(d)(1)(D), his one-year limitations period did not begin to run until July 22, 2008, when the OCCA affirmed the denial of his second application for post-conviction relief and he discovered that he "would not be allowed to pursue his substantive due process claims in state court." See Dkt. # 7. The Court finds, however, that the resolution of Petitioner's second post-conviction proceeding did not restart the limitations period under § 2244(d)(1)(D) as to his third habeas claim. In his petition, Petitioner indicates that in his first application for post-conviction relief, he claimed that his "pleas were not entered voluntarily and intelligently because of ineffective assistance of counsel and the failure to advise Petitioner of the 85% rule." See Dkt. # 1. Thus Petitioner admits that at the time he filed his first application for post-conviction relief, on March 27, 2006, he knew that his sentences fell under the 85% rule. Petitioner's reliance on the date of the OCCA's order affirming the denial of his second application of post-conviction relief is misplaced because recognition of the legal significance of a set of facts does not trigger application of § 2244(d)(1)(D). See Owens v.

---

An attorney's failure to inform an accused of restrictions on parole eligibility "does not amount to ineffective assistance of counsel." McGuire v. Cowley, Case No. CIV-95-59-R, slip op. at 27-29 (W.D. Okla. Apr. 27, 2000), adopted, (W.D. Okla. May 30, 2000), appeal dismissed, Case No. 00-6229 (10th Cir. July 3, 2001); see also Varela v. Kaiser, 976 F.2d 1357, 1358 (10th Cir. 1992) (Sixth Amendment does not encompass "'collateral aspects of the prosecution'" (citation omitted)); Holmes v. United States, 876 F.2d 1545, 1549 (11th Cir. 1989) ("parole eligibility is a collateral rather than a direct consequence of a guilty plea" (footnote omitted)); Hill v. Lockhart, 731 F.2d 568, 570 (8th Cir. 1984) ("[t]he details of parole eligibility are considered collateral rather than direct consequences of a plea" (citations omitted)), aff'd, 474 U.S. 52 (1985); Strader v. Garrison, 611 F.2d 61, 63 (4th Cir. 1979) (stating that ordinarily parole eligibility is considered "an indirect and collateral consequence" of a guilty plea). Cf. Bush v. Neet, 400 F.3d 849, 852 (10th Cir. 2005) ("a defendant's understanding he will serve less than his full sentence does not alone render his guilty plea constitutionally infirm. The defendant's belief must be based upon some other additional factor, such as coercion or material misrepresentation by the prosecutor.").

Gutianez, 2006 WL 2792579, at *4 n.3.

7

Boyd, 235 F.3d 356, 359 (7th Cir. 2000) ("[T]he trigger in Section 2244(d)(1(D) is (actual or imputed) discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance.").

Therefore, Petitioner's one-year period applicable to his claims concerning the 85% rule did not begin to run under § 2244(d)(1)(D) on July 22, 2008, when he learned that he was not entitled to post-conviction relief. Instead, his one-year period began to run when he discovered the "factual predicate" of his claim. Petitioner could have discovered the factual predicate of his claim through the exercise of due diligence when he was informed by prison authorities that he would have to serve 85% of his sentence before being eligible for parole consideration,[2] or at the very latest, on March 27, 2006, when he filed his first application for post-conviction relief demonstrating knowledge of his claim based on the 85% rule.

Even if Petitioner's one-year period began to run on March 27, 2006, however, his habeas claim is time-barred. Under § 2244(d)(2), the one-year period was tolled during the pendency of the first application for post-conviction relief. As discussed above, after the state district court denied the application on October 18, 2006, the limitations clock did not begin to run again until November 17, 2006, when the time for filing a proper post-conviction appeal had lapsed. Petitioner had one-year or until November 17, 2007, to file his habeas petition. Petitioner's second application

---

[2]The Oklahoma Department of Corrections ("DOC") Case Management policies require case managers to develop, upon an inmate's reception into DOC custody, an individualized accountability plan using an "Adjustment Review" form. See OP-060101, viewed at www.doc.state.ok.us. The form contains information concerning an inmate's sentence, including whether it falls under the 85% rule. See DOC 060203A. Thus, Petitioner became aware, or could have become aware through the exercise of due diligence, that his sentence fell under the 85% rule when he met with his case manager to review the "Adjustment Review" form, shortly after he was received into DOC custody in April 2005 (reception date obtained from www.doc.state.ok.us).

for post-conviction relief, filed January 9, 2008, was too late to toll the one-year period. As a result, Petitioner's claim, filed November 12, 2008, is time-barred under § 2244(d)(1)(D) unless he is entitled to equitable tolling.

To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir.2008) (quoting Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079, 1085 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)). Petitioner argues only that he is entitled to statutory tolling. He does not assert entitlement to equitable tolling. The record does not suggest that Petitioner pursued his third claim diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). As a result, Petitioner is not entitled to equitable tolling.

The Court concludes that Petitioner's third proposition of error, challenging the validity of his pleas of *nolo contendere*, is time-barred. Respondent's motion to dismiss shall be granted as to ground three and that claim shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.  Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 5) is **granted in part** and **denied in part**, as follows:

      a.      Proposition 3 of the petition is time-barred and is **dismissed with prejudice**;

      b.      Propositions 1 and 2 of the petition are not time-barred, but are not cognizable on federal habeas corpus review and are **denied**.

2. This Opinion and Order disposes of all of the claims raised in the petition (Dkt. # 1).

3. A separate Judgment shall be entered in this case.

DATED THIS 22nd day of June 2009.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma